RIOS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-543-CR

JOHN CARLOS RIOS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant John Carlos Rios appeals from his conviction and life sentence for capital murder.  In two points, he argues that the trial court erred by charging the jury on the law of parties and by failing to instruct the jury on the law of accomplice witness testimony.  We affirm.

Background

Appellant was convicted for the murders of Ramon Perez and Cleaudrey Tarleton, who were killed by two shots fired during a drive-by shooting in Rosemont Park in Fort Worth.  Appellant does not complain of the sufficiency of the evidence.  We will therefore review only the evidence necessary to put his charge-error complaints into context.

Appellant and his companions, Pedro Torres, Victor Sanchez, and Emmanuel Flores, had a fistfight with members of a street gang at Rosemont Park.  After a bystander broke up the fight by knocking Appellant down, Appellant left the park in a car with his companions. 

Torres was a key witness for the State at Appellant’s trial.  Torres testified that he met Appellant for the first time shortly before the fistfight in the park.  When he, Sanchez, Flores, and Appellant left the park, Appellant directed Sanchez to drive to a nearby house.  Torres testified that once there, Appellant went into the house and returned with a shotgun wrapped in a blanket, which he placed on the back seat floorboard.  He then directed Sanchez to drive back to the park.  According to Torres, Torres and Appellant were in the back seat of the car; Appellant was sitting behind the driver.   

Torres testified that when they arrived at the park, Appellant spoke to a woman through the car’s rear passenger-side window and asked where were the people with whom he had fought earlier.  The woman pointed to a group of people, and Appellant said, “[Y]ou better get out of here.  It is fixing to go down.”  Torres testified that he heard a gunshot as Sanchez drove the car forward.  Torres said that he did not see Appellant fire the shot, but turned in time to see Appellant lowering the shotgun.  Sanchez tried to drive away but was blocked by another car.  According to Torres, Appellant then fired another shot.  Torres testified that Appellant fired both shots.  Torres saw two people fall over “like dominoes.”  Sanchez drove the car over the curb, out of the parking lot, and away from the park.  Torres testified that Appellant instructed Sanchez to drop Appellant off at the house where he had obtained the shotgun, and Sanchez complied. 

Other witnesses tied Appellant to the shooting as the primary actor.  Michael Apodaca identified Appellant as the person involved in the earlier fistfight at the park and the person holding the shotgun when the fatal shots were fired.  Ruben Holguin testified that he was speaking to one of the victims when the first shot rang out.  He looked at the car from which the shot was fired and saw the driver’s-side, rear-seat passenger reload a shotgun and point it out the car’s window.  Lydia Mariscal testified that she witnessed the earlier fistfight and, immediately before the shooting, she spoke with the driver of the vehicle from which the shot was fired.  Though she was unable to identify Appellant in the courtroom, she said that she saw the man who had been hurt in the fistfight sitting in the driver’s-side rear-passenger seat of the vehicle and that he was holding what looked like a pole between his legs.  The State offered into evidence a photograph of Appellant from a photo lineup on which Mariscal had written on the morning following the shooting, “This look[s] like the guy I saw with the gun!  I am pretty sure I saw this look[s] like the guy with the gun.” 

Bridgette Sosa testified that she was sitting in a car behind Appellant’s car at the time of the shooting.  She said that the shots were fired from the “middle” of the back seat out the driver’s-side rear window.  Sosa testified that there were four or five people in Appellant’s car.  Sosa admitted on cross-examination that she had previously told Appellant’s counsel that she thought another man, whose description did not match that of Appellant, fired the fatal shots.
(footnote: 2) 

The trial court charged the jury on the law of parties.  When Appellant objected that the evidence did not raise the law of parties, the State argued that Sosa’s testimony raised the possibility that another passenger in the car fired the shots, but that Appellant’s role in procuring the murder weapon nonetheless made him a party to the offense.  The trial court agreed and overruled Appellant’s objection. 

Appellant then requested an instruction on accomplice witness testimony, arguing that if the evidence raised the possibility that Appellant was a party to the offense, it also raised the possibility that the State’s key witness, Pedro Torres, was the primary actor and therefore an accomplice.  The State replied that there was no evidence to suggest that Torres had any role in the killings other than his mere presence in the vehicle, and that Sosa’s testimony pointed to neither Appellant nor Torres but some other person as the principal actor. The trial court denied Appellant’s request. 

The jury found Appellant guilty of capital murder; the State having waived the death penalty, the trial court sentenced him to life imprisonment. 

Standard of Review

Both of Appellant’s points assert error in the jury charge.  Appellate review of error in a jury charge involves a two-step process.  
Abdnor v. State
, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994).  Initially, we must determine whether error occurred.  If so, we must then evaluate whether sufficient harm resulted from the error to require reversal.  
Id.

Law of Parties

In his first point, Appellant argues that the trial court erred by charging the jury on the law of parties.  Under the law of parties, a person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.  
Tex. Penal Code Ann.
 § 7.01(a) (Vernon 2003).  A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. 
 Id.
 § 7.02(a)(2).  Each party to an offense may be charged with commission of the offense.  
Id.
 § 7.01(b).

In this case, most of the evidence pointed to Appellant as the shooter.  But Sosa’s testimony raised the possibility that another occupant of the vehicle fired the fatal shots.  Even if Appellant did not pull the trigger, Torres testified that Appellant played a pivotal role in the killings by directing the driver of the car to the house where Appellant obtained the shotgun and then directing the driver to return to the park.  As such, the evidence raised the possibility that Appellant, acting with the requisite intent, aided in the offense by providing the murder weapon.  We therefore hold that the trial court did not err by charging the jury on the law of parties.

Accomplice Witness Instruction

In his second point, Appellant argues that the trial court erred by failing to charge the jury on the law of accomplice witness testimony.  
Appellant requested the following instruction at trial:

You are instructed that the witness, Pedro Torres, [] is an accomplice as a matter of fact, or as a matter of law, if an offense was committed and you cannot convict the Defendant upon his testimony, unless you first believe that his testimony is true and shows the Defendant is guilty of an offense listed above, which would be the offense in the charge, and that you cannot convict the Defendant upon their said testimony, unless you [] further believe that there is other evidence in the case outside of the evidence of [] Pedro Torres, tending to connect the Defendant with the offense committed, if you find that an offense was committed.  And the corroboration is not sufficient because if it merely shows the commission of the offense, but it must also tend to connect the Defendant with its commission, and then from all of the evidence you must believe beyond a reasonable doubt that the Defendant is guilty of an offense charged against him. 

Article 38.14 of the code of criminal of procedure provides that “[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.”  
Tex. Code Crim. Proc. Ann 
art. 38.14 (Vernon 2005). 
 
The test is whether, after excluding the accomplice’s testimony, there is other evidence of an incriminating character which tends to connect the defendant with the commission of the offense.  
Burks v. State
,
 
876 S.W.2d 877, 887 (Tex. Crim. App. 1994); 
Munoz v. State
, 853 S.W.2d 558, 559 (Tex. Crim. App. 1993)
.

A person is an accomplice if he participates with the defendant before, during, or after the commission of a crime with the required culpable mental state.  
Paredes v. State
, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004). 
 The participation must involve an affirmative act that promoted the commission of the offense with which the accused is charged.  
Id.
  Mere presence during the commission of the crime, knowledge about the crime and failure to disclose it, or even concealment of the crime is not sufficient to render a person an accomplice.  
Medina v. State
, 7 S.W.3d 633, 641 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1102 (2000).  An accomplice as a matter of law is one who is susceptible to prosecution for the offense with which the accused is charged or a lesser included offense.  
Paredes
, 129 S.W.3d at 536.

The trial court is under no duty to instruct the jury regarding accomplice witnesses unless there exists no doubt or the evidence clearly shows that a witness is an accomplice as a matter of law.  
Id. 
 If the evidence presented by the parties conflicts concerning whether the witness is an accomplice, then the trial court must leave to the jury the question of whether the inculpatory witness is an accomplice as a matter of fact under instructions defining the term “accomplice.”  
Id.

Appellant argues that Torres was an accomplice to the crime because “there were affirmative acts and omissions on his part from which the jury could have concluded that he helped to facilitate the offense.”  The “acts and omissions” Appellant points to include Torres’s admissions that he “threw gang signs” at the people with whom Appellant fought, that he was in the back seat of the car at the time of the shooting, that he “figured out what was going on” when he saw Appellant return from a house with the blanket-wrapped gun but did nothing to prevent the others in the car from returning to the park, that he did nothing to stop the shooting despite knowing what was about to happen when Appellant said to a bystander, “[Y]ou better get out of here.  It is fixing to go down,” and that he withheld from police information about the location of the house from which Appellant obtained the gun. 

These facts amount to nothing more than mere presence during the commission of the crime, knowledge about the crime and failure to disclose it, and concealment of the crime and are not sufficient to render Torres an accomplice.  
See
 
Medina
, 7 S.W.3d at 641.  There is no evidence that Torres committed an affirmative act that promoted the commission of the double murder.  
See
 
Paredes
, 129 S.W.3d at 536.
  Because there is no evidence showing Torres was an accomplice, the trial court did not err by refusing to submit the accomplice witness instruction to the jury.  We overrule Appellant’s second point.

Conclusion

Having overruled both of Appellant’s points, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 27, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
During the charge conference the State argued to the trial court that Sosa’s description of the possible shooter did not match Torres, either.